



FILED
Aug 03, 2018
01:49 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Keith Quarles | ) | Docket No. 2017-08-1170 |
| | ) | |
| v. | ) | State File No. 39797-2017 |
| | ) | |
| FedEx Ground | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

---

### Affirmed and Remanded - Filed August 3, 2018

---

The employee alleges suffering gradual injuries to his left knee, right ankle, and right shoulder while working as a package handler for the employer. The employer denied the claim, asserting the employee's injuries were pre-existing and did not arise primarily out of the employment. Following an expedited hearing, the trial court denied the requested benefits, concluding the employee failed to present sufficient medical evidence to establish he would likely prevail at trial in proving a compensable injury. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Keith C. Quarles, Memphis, Tennessee, employee-appellant, pro se

Byron K. Lindberg, Nashville, Tennessee, for the employer-appellee, FedEx Ground

### Factual and Procedural Background

Keith Quarles ("Employee"), a fifty-three-year-old resident of Shelby County, Tennessee, began working as a package handler for FedEx Ground ("Employer") in February 2015.[1] In May 2017, he gave notice to Employer of having sustained gradual injuries to his left knee, right ankle, and right shoulder as a result of his work activities.

---

[1] Employer is variously referred to in the record as "FedEx," "FedEx Ground Package System, Inc.," and "FedEx Ground." For consistency, we refer to Employer as "FedEx Ground," as did the trial court.

He testified he did not experience a specific work incident resulting in his injuries. He stated he had begun medical treatment in February 2016 for symptoms he was experiencing but did not realize were work related until discussing them with his doctor. Employer denied that Employee's injuries arose primarily out of the employment. As a result of Employer's denial of benefits, Employee filed a petition seeking medical and temporary disability benefits.

Employee acknowledged having a history of prior injuries to his left knee, right ankle, and right shoulder. He admitted that he was involved in what he described as a "minor" motor vehicle accident in October 2015 and that he sought treatment in July 2016 for his left knee and right shoulder that he attributed to the 2015 accident. He also admitted obtaining medical care in October 2016 and reporting that his right ankle had been swelling since the motor vehicle accident the previous year when he jammed his foot by hitting the brake pedal. In addition, he testified he was diagnosed with osteoarthritis in his right shoulder for a "degenerative condition" stemming from a 1988 work-related injury, and he admitted having had knee trouble that he attributed to his "athletic background." He was diagnosed with left knee osteoarthritis in November 2015 by Dr. Richard A. Hillesheim, an orthopedic surgeon. Employee asserted his repetitive work unloading trucks for Employer aggravated his knee, ankle, and shoulder, and when he stopped unloading trucks, he "slowly started feeling better."

In October 2017, Employee submitted a "Standard Form Medical Report for Industrial Injuries" ("Form C-32") to Dr. Hillesheim, and requested that the doctor complete the form.[2] In completing the Form C-32, Dr. Hillesheim indicated he was an "Evaluating Physician," and he provided the following narrative summary of his course of treatment: "Left knee degenerative osteoarthritis, osteophyte formation on patella, painful left knee," adding that "[t]reatment includes medication [and] steroid injections." The Form C-32 did not address Employee's alleged right ankle or right shoulder injuries, and Dr. Hillesheim identified the injury on the Form C-32 as "[l]eft knee degenerative osteoarthritis." Dr. Hillesheim also provided the following opinions on the form: (1) there *was not* a specific incident or series of incidents identified that brought about the injury; (2) the injury resulted in a need for treatment; (3) the employment activity, more likely than not, was primarily responsible for the injury or primarily responsible for the need for treatment; (4) the injury *did not* involve the aggravation of a pre-existing injury; and (5) the employment activity was primarily responsible for the present need for treatment of the pre-existing disease, condition, or ailment.

---

[2] Tennessee Code Annotated section 50-6-235(c)(1) (2017) provides that "[a]ny party may introduce direct testimony from a physician through a written medical report on a form established by the administrator [of the Bureau of Workers' Compensation]. . . . Any written medical report sought to be introduced as evidence shall be signed by the physician making the report bearing an original signature . . . [and] shall include within the body of the report or as an attachment a statement of qualifications of the person making the report."

At an expedited hearing, the parties agreed to introduce a voluminous set of medical records into evidence, including records from Regional One Health in Memphis, Tennessee. The Regional One Health records indicate Employee was seen at various times by different physicians, some of whom are identified as "UT Resident" physicians, including Dr. Hillesheim. Those records indicate that, at various visits, Employee reported symptoms involving his left knee, right ankle, and right shoulder. For example, a July 2016 record noted a "longstanding history of right shoulder pain following surgery in 1998 to remove a bone spur" and stated Employee's pain had been worse in the last few months, "especially following a car accident in 10/2015." An October 25, 2016 report noted that Employee reported his right ankle was "swollen and painful," and had been swelling "off and on since accident 10/3/2015."

The primary issue at the expedited hearing was whether Employee produced sufficient evidence to show he would likely prevail at trial in establishing his entitlement to medical and disability benefits. The trial court found Employee's proof was insufficient, stating that because Employee did not identify a specific incident or series of incidents by time and place of occurrence, the court "looks to the medical evidence to determine whether [Employee] sustained a compensable aggravation." Noting that the only causation opinions were included in the Form C-32 signed by Dr. Hillesheim, the trial court stated it "gives little weight" to Dr. Hillesheim's opinions and "rejects [his] proffered opinions." The trial court stated that because Employee did not submit the doctor's qualifications with the Form C-32 as required by Tennessee Code Annotated section 50-6-235(c), Employee did not qualify the doctor to express a causation opinion. In addition, the trial court concluded that because Dr. Hillesheim was not an authorized treating physician selected from a panel of physicians as contemplated in Tennessee Code Annotated section 50-6-204(a)(3) (2017), his causation opinions were not entitled to the statutory presumption of correctness. For these reasons, the trial court denied the requested benefits. Employee has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are

3

also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2017).

**Analysis**

Employee asserts the trial court erred in concluding his medical evidence was insufficient to support a determination that he would likely prevail at trial in establishing the compensability of his claim. We disagree.

An injured worker has the burden of proof on every essential element of his or her claim. *See* Tenn. Code Ann. § 50-6-239(c)(6); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). However, at an expedited hearing, an employee is able to meet this burden by presenting sufficient evidence from which the trial court can determine the employee is likely to prevail at a hearing on the merits, consistent with Tennessee Code Annotated section 50-6-239(d)(1). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6. In reviewing a trial court's determination that the evidence presented at an expedited hearing is not sufficient to find an employee is likely to prevail at trial, we must determine whether the preponderance of the evidence supports the trial court's conclusion. *See* Tenn. Code Ann. § 50-6-239(c)(7).

Generally, to be compensable, an injury must arise primarily out of and in the course and scope of employment and must cause death, disablement, or the need for medical treatment of the employee. Tenn. Code Ann. § 50-6-102(14) (2017). An "accidental injury" is one that is "caused by a specific incident, or set of incidents" and is "identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A). Furthermore, "[a]n injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). An "accidental" injury generally does not include the aggravation of a pre-existing condition "unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14)(A).

4

An employee has the burden of proving, to a reasonable degree of medical certainty, that the work accident "contributed more than fifty percent (50%) in causing . . . the need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C). In addition, the phrase "shown to a reasonable degree of medical certainty" is defined to require the "opinion of the physician" to be "more likely than not, considering all causes." Tenn. Code Ann. § 50-6-102(14)(D); *see also Miller v. Lowe's Home Centers, Inc.*, No. 2015-05-0158, 2015 TN Wrk. Comp. App. Bd. LEXIS 40, at *13 (Tenn. Workers' Comp. App. Bd. Oct. 21, 2015) ("[A]n employee can satisfy the burden of proving a compensable aggravation if: (1) there is expert medical proof that the work accident 'contributed more than fifty percent (50%)' in causing the aggravation, and (2) the work accident was the cause of the aggravation 'more likely than not considering all causes.'"). If an employee satisfies the burden of proving a compensable aggravation, the employer must provide medical treatment "made reasonably necessary by [the] accident." Tenn. Code Ann. § 50-6-204(a)(1)(A).

In the present case, Employee introduced numerous medical records at the expedited hearing. However, the only medical evidence addressing causation was the Form C-32 signed by Dr. Hillesheim. Initially, we note that the opinions expressed in the Form C-32 were limited to Employee's claimed left knee injury. Neither the Form C-32 nor any other medical report in the record includes a medical opinion addressing the cause of Employee's right ankle condition or his right shoulder condition. Although Dr. Hillesheim indicated "the employment activity [was] primarily responsible for the present need for treatment of the pre-existing [left knee] disease," he described Employee's left knee condition as "degenerative osteoarthritis," and he indicated that Employee's injury did not involve the aggravation of a pre-existing condition.

Moreover, we agree with the trial court that the Form C-32 did not comply with Tennessee Code Annotated section 50-6-235(c)(1), which requires "[a]ny medical report sought to be introduced into evidence [to] include within the body of the report or as an attachment a statement of qualifications of the person making the report." Tenn. Code Ann. § 50-6-235(c)(1). Nonetheless, the trial court admitted the Form C-32 into evidence at the expedited hearing over Employer's objection based upon Tenn. Comp. R. & Regs. 0800-02-21-.14(2) (2016), which provides that "letters or written statements addressing medical causation that have been signed by a doctor shall be admissible evidence at an expedited hearing."[3] However, having admitted the Form C-32 into evidence, the trial court stated in its order denying benefits that it "gives little weight to Dr. Hillesheim's opinions," and "rejects Dr. Hillesheim's proffered opinions at this time." Generally, questions regarding the admissibility, qualifications, relevancy, and competency of expert

---

[3] The regulation additionally states that "[t]his rule shall have no effect on the admissibility of form C-32 when properly presented at any proceeding." Tenn. R. & Regs. 0800-02-21-.14(2). Because we conclude the preponderance of the evidence supports the trial court's determination that Employee's medical proof was insufficient to determine Employee would likely prevail at trial, we express no opinion addressing whether the trial court erred in admitting the Form C-32 into evidence.

5

testimony are left to the discretion of the trial court, and a trial court's ruling in this regard may only be overturned if the discretion is arbitrarily exercised or abused. *McDaniel v. CSX Transp., Inc.*, 955 S.W.2d 257, 263-64 (Tenn. 1997). Considering all of the evidence presented at the expedited hearing, we cannot say the trial court abused its discretion in rejecting Dr. Hillesheim's causation opinion.

## Conclusion

The trial court concluded Employee's evidence was insufficient to demonstrate he would likely prevail at trial in establishing the compensability of his claim. Having carefully considered the evidence presented, we hold that the evidence does not preponderate against the trial court's determination. Accordingly, the trial court's decision is affirmed and the case is remanded.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Keith Quarles ) | Docket No. 2017-08-1170 |
| ) | |
| v. ) | State File No. 39797-2017 |
| ) | |
| FedEx Ground ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Deana C. Seymour, Judge ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 3rd day of August, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Keith Quarles | X | | | | X | 255 N. Lauderdale # 908 Memphis, TN 38105; kcq3@netzero.net |
| Byron Lindberg | | | | | X | blindberg@hallboothsmith.com tthompson@hallboothsmith.com |
| Deana C. Seymour, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov